IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PIERRE ALEXANDER AMERSON,     )
                              )
            Petitioner,       )
                              )
     v.                       )     1:23CV579
                              )
TODD E. ISHEE, et al.,        )
                              )
            Respondents.      )

**ORDER**

On June 5, 2024, the United States Magistrate Judge's Order and Recommendation was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). Objections were filed within the time limits prescribed by section 636. (Docs. 20, 21.)

The court has reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

While none of Petitioner's objections has merit, one requires brief discussion. In his objections, Petitioner continues to press his claim under Brady v. Maryland, 373 U.S. 83 (1963). (See, e.g., Doc. 1 at 6 (Petition, Ground Two); Doc. 3 at 6, 30 (trial transcript in which Petitioner's attorney advises court that "After the victim was shot, a lady in a silver/grey-colored van stopped and tried to pick up the victim" and noting that she stayed until the police came"), 51 (asserting that the lady "disturb[ed

the] scene of incident before the police showed up"), 65 (same).) Petitioner now asserts: "exculpatory evidence claim points to a gun being taken off the deceased by the lady in silver/grey van. Access to the State files of the incidents at the family home of the deceased would prove a matter, fact." (Doc. 21 at 2.)

The problem with Petitioner's theory, whether raised in the original petition or the objections to the Magistrate Judge's Recommendation, is that it is entirely speculative. Brady is implicated when material evidence is actually withheld. "[R]ank speculation as to the nature of the allegedly suppressed materials . . . cannot establish a Brady violation." United States v. Briscoe, 101 F.4th 282, 297 (4th Cir. 2024) (quoting United States v. Young, 916 F.3d 368, 383 (4th Cir. 2019); see also United States v. Paulino, No. 95-5961, 1996 WL 671346, at *2 (4th Cir. Nov. 20, 2006) (unpublished) (per curiam) ("Mere speculation that Brady material exists does not justify fishing expeditions in government files."); United States v. Navarro, 737 F.2d 625, 631 (7th Cir. 1984) ("Yet here the defendants have given no indication of the existence of such material information or that the government knows of such information which would likely have changed the verdict or created a reasonable doubt that did not otherwise exist. . . . Mere speculation that a government file may contain *Brady* material is not sufficient to require . . . reversal for a new trial."). Petitioner's new assertion that a

gun was taken from the victim he shot by a lady in a van is utter speculation.  Moreover, Petitioner never claimed that he shot the victim in self-defense.  So, even if there were evidence that the victim had a gun on him (which there is not), Petitioner has not tied any alleged <u>Brady</u> violation to any claim for relief.

    IT IS THEREFORE ORDERED that Respondent's motion for summary judgment (Doc. 11) is GRANTED, that the Petition (Doc. 1) is DENIED, and that Judgment be entered dismissing the action.

                                     /s/   Thomas D. Schroeder
                                 United States District Judge

July 22, 2024

3

Case 1:23-cv-00579-TDS-JLW   Document 22   Filed 07/22/24   Page 3 of 3